**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FRANCIS BUCKWALTER** : | |
| : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 21-593** |
| : | |
| **COMMISSIONER OF SOCIAL** : | |
| **SECURITY** : | |

**MCHUGH, J.**                                                                                              **September 15, 2022**

## MEMORANDUM

Plaintiff Francis Buckwalter filed this action requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which affirmed the decision of the Administrative Law Judge ("ALJ") and denied Plaintiff's claims for benefits under the Social Security Disability Insurance Program. The Court referred the case to United States Magistrate Judge Elizabeth Hey for a Report and Recommendation (R & R). Magistrate Judge Hey recommended that the Commissioner's decision be affirmed. Plaintiff has filed objections to the R & R, to which the Commissioner has responded. For the following reasons, the Report and Recommendation of Magistrate Judge Hey is approved and adopted.

I.   **Standard of Review**

In considering whether to approve a magistrate judge's report and recommendation, a district court must review *de novo* those portions of the report and recommendation to which a party has objected. 28 U.S.C. § 636(b)(1)(c). The court may in its discretion "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

II.    **Plaintiff's Objections**

Plaintiff raised two objections to Magistrate Judge Hey's Report and Recommendations. First, Plaintiff contends that Judge Hey incorrectly found that the ALJ properly considered the medical opinions of Dr. Baruch and Dr. Mosby.  Second, Plaintiff contends that Judge Hey was wrong to conclude that the ALJ committed no error in discounting the Department of Veterans Affair's finding of 100% disability. Pl.'s Br., ECF 23.  Having reviewed the R & R and the parties' responses, I find the first objection meritless with no need for further discussion.  The second objection warrants closer consideration, but ultimately fails as well.

III.   **Plaintiff's Second Objection: That the Magistrate Judge wrongly determined that the ALJ had not erred in giving no weight to the VA finding of 100% disability**

Plaintiff objects to the Magistrate Judge's determination that the ALJ adequately considered the V.A.'s finding that Plaintiff was 100% disabled, and further contends that Judge Hey erred by substituting her own analysis of the record for that of the ALJ.  Pl.'s Br. at 8-10.

Because a disability determination by another government agency "is based on its rules, it is not binding on [the Social Security Administration]." 20 C.F.R. § 404.1504.  Nonetheless, the Third Circuit has held that determinations of disability by other government agencies are "entitled to substantial weight" in the Social Security context.  *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir.1985); *see also Fowler v. Califano,* 596 F.2d 600, 603 (3d Cir. 1979).  Moreover, the Third Circuit "has indicated that an ALJ should thoroughly consider the medical evidence relied on by such an agency." *Malcom v. Barnhart*, 448 F. Supp.2d 595, 603 (D. Del. 2006) (citing *Gifford v. Barnhart*, 129 F. App'x 704, 707 (3d Cir. 2005) (non-precedential).

As Judge Hey clearly articulated, an ALJ may not reject a V.A. disability determination "solely on the differences between the standard for disability between the [VA] and the SSA, with

2

no analysis of the facts." *Pratts v. Comm'r of Soc. Sec.*, Civ. No. 13-2372, 2015 WL 5139148, at *15 (D.N.J. Sept. 1, 2015) (quoting *Solomon v. Colvin*, Civ. No. 12-1406, 2013 WL 5720302, at *16 (D. Del. Oct. 22, 2013)).[1] Moreover, Courts in this Circuit have found reversible error where it is impossible to "discern from the record that the ALJ placed substantial weight on the determination of the V.A. or appropriately considered it." *Sharpe v. Colvin,* No. 1:14–CV–00779, 2015 WL 574623, at *21 (M.D. Pa. Feb.11, 2015). Although another court in this Circuit upheld an ALJ decision which discounted a V.A. disability determination, that court noted that the ALJ "considered the VA's disability determination and cited reasons why she afforded it only 'some weight.'" *Reeves v. Colvin,* Civ. No. 3:15–444, 2015 WL 4601199, at *12 (M.D. Pa. July 30, 2015).

In this case, the Department of Veterans Affairs found that Plaintiff's diagnosis of post-traumatic stress disorder ("PTSD") was 70% disabling in September 2014. However, effective August 24, 2015, the V.A. determined that Plaintiff was 100% disabled by virtue of his PTSD. At Plaintiff's hearing in front of the ALJ, Plaintiff submitted the 2015 V.A. officer review decision showing that Plaintiff's level of disability had increased to 100%. First noting that some of the underlying records were not made available,[2] the ALJ then noted that, "regardless, this determination of VA disability is based on another agency's regulatory standards which differ

---

[1] The governing regulation states that for claims filed on or after March 27, 2017, the Administration need not provide any analysis about a decision made by another governmental agency but will consider the supporting evidence underlying the governmental agency's decision. 20 C.F.R. § 404.1504. Because Plaintiff filed his claim for benefits prior to March 27, 2017, the ALJ was required to consider the V.A.'s disability determination.

[2] The ALJ reported, "The VA decision was based on a VA exam from August 24, 2015 at VAMC Coatesville and a DRO decision from August 4, 2015. Although the records were requested from VAMC Coatesville, these items were not received directly nor submitted by [Plaintiff's] representative. [Plaintiff's] medical records from VAMC Philadelphia were received and discussed above, including records from treatment visits in February and December 2015." ALJ Dec. at 29.

from those at issue here: it is both nonbinding and non-probative to the current determination of disability. I give no weight to this disability determination." ALJ Decision at 30, ECF 10-2.

On its face, this language would appear to suggest error. But upon close review of the record, I agree with Judge Hey that, notwithstanding this overly broad language, the ALJ provided an adequate explanation of the basis for her rejection of the 2015 V.A. disability finding. As the R & R documents, the ALJ references the V.A.'s 2015 finding that the Plaintiff was "incompetent to handle funds, but with a likelihood of improvement" and references a 2015 treatment note in which Plaintiff reported to Dr. Kurtz that "he was doing much better" since getting his 100% disability rating, *id.* at 31, (Treatment Note at Tr. at 1552-53, ECF 10-9). Plaintiff argues that Judge Hey "substitutes her own analysis for that of the ALJ [by] stating that 'findings in the VA decision were inconsistent with the treatment notes in the SSA's administrative record including those from Plaintiff's treating VA psychiatrist.'" Pl.'s Br. at 8, citing R & R at 29. I disagree. Although the ALJ did not explicitly state that the V.A. decision was inconsistent with the treatment notes in the SSA's administrative record, the ALJ discusses at length the notes of providers, including Dr. Ann Czipri who "noted that [Plaintiff] was fully oriented, well groomed, had a coherent thought process, no evidence of formal thought disorder, normal speech, and intact insight and judgment" and the Plaintiff's V.A. treating psychiatrist Dr. Kurtz, who noted that Plaintiff had "significant depressive symptoms, but stable post-traumatic stress disorder symptoms." ALJ Dec. at 24. This demonstrates that the ALJ was analyzing the providers' treatment notes during the relevant time period. Moreover, as the R & R points out, included with the V.A. Decision of the Review Officer was the assessment performed by Dr. Mosby, Tr. at 1626-30 (VA decision), 1631-37 (assessment by Dr. Mosby), which the ALJ gave little weight to because the ALJ determined that Dr. Mosby's conclusions were inconsistent with his own mental status examination. ALJ Dec. at 26. I agree

with Judge Hey that the ALJ reviewed the underlying medical records that informed the 2015 V.A. determination and analyzed them as required by law.  To remand on the basis of imprecise language where the record reflects that the required analysis took place would be to elevate form over substance.

Plaintiff also argues that the ALJ does not appear to have considered a 2019 V.A. determination in which Plaintiff's 100% disability rating based on PTSD was confirmed and continued.  Tr. at 590, ECF 10-6.  This argument lacks merit because as  Judge Hey correctly reasons, the ALJ specifically considered medical records from the 2019 time period.  R & R at 13-18.  For instance, the ALJ considered a psychological evaluation of Plaintiff by Marcia Baruch, Ph.D., tr. at 1645-58, and a Medical Source Statement of Ability to Do Work-Related Activities, i*d.* at 1659-60.  Although Dr. Baruch concluded that "Mr. Buckwalter's mood instability, his anxiety, panic attacks, and poor coping skills [we]re bound to interfere with his functioning on any type of job at this time," *id.* at 1657, the ALJ gave little weight to Dr. Baruch's assessment because the ALJ found it inconsistent with other providers' findings and Plaintiff's self-reported activities.  ALJ Dec. at 29-30.  In fact, the ALJ reasoned that the Plaintiff "noted he was doing much better since he got his 100% disability rating [in 2015] and there no significant exam findings after January 2017."  ALJ Dec. at 31.  It should be noted that the 2019 rating kept in place the 2015 rating of total disability that the ALJ had also considered and rejected, and the ALJ specifically considered records from the intervening years through 2019.  Once again, the substance of the ALJ's analysis complied with the applicable law, even if the form was lacking.

The standard here is whether the Commissioner's determination is supported by "substantial evidence."  42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999).  As the Supreme Court recently made clear, in the context of the review of an

administrative proceeding such as this, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high," *Biestek v. Berryhill,* 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted), and is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ's specific discussion of pertinent records meets that standard here.

    An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge